SARA GHAFOURI, OSB #111021
SARAH MELTON, OSB #227050
American Forest Resource Council
700 N.E. Multnomah, Suite 320
Portland, Oregon 97232
Telephone: (503) 222-9505
Fax: (503) 222-3255
Email: sghafouri@amforest.org
Email: smelton@amforest.org

DOMINIC M. CAROLLO, OSB #093057
Carollo Law Group LLC
Mail:   P.O. Box 2456
Roseburg, OR 97470
Office: 2315 Old Highway 99 South
Roseburg, OR 97471
Telephone: (541) 957-5900
Fax: (541) 957-5923
Email: dcarollo@carollolegal.com

*Attorneys for Proposed Defendant-Intervenors*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**
**MEDFORD DIVISION**

| | |
|---|---|
| **KLAMATH-SISKIYOU WILDLANDS CENTER, CASCADIA WILDLANDS, OREGON WILD,** and **SODA MOUNTAIN WILDERNESS COUNCIL,**<br><br>Plaintiffs,<br><br>vs.<br><br>**UNITED STATES BUREAU OF LAND MANAGEMENT,**<br><br>Defendant,<br><br>and<br><br>**AMERICAN FOREST RESOURCE COUNCIL,** an Oregon non-profit corporation and **ASSOCIATION OF O&C COUNTIES,** an unincorporated association,<br><br>Proposed Defendant-Intervenors. | Civil No. 1:23-cv-00519-CL<br><br>**[PROPOSED] DEFENDANT-INTERVENORS' ANSWER** |

For its Answer to plaintiffs' Complaint, Defendant-Intervenors American Forest Resource Council and Association of O&C Counties (Intervenors) state:

## **INTRODUCTION AND NATURE OF ACTION**

1.      The allegations in the first sentence constitute plaintiffs' characterizations of their own case, which require no response.  To the extent a response is required, Intervenors deny the allegations in the first sentence.  Intervenors deny the allegations in the second sentence.

2.      The allegations in the first sentence purport to characterize the Decision Record (DR) for the Programmatic Integrated Vegetation Management for Resilient Lands (IVM-RL) and Late Mungers Integrated Vegetation Project (Late Mungers Project) Determination of National Environmental Policy Act (NEPA) Adequacy (DNA), which speak for themselves and are the best evidence of their contents.  To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the cited source. The allegations in the second sentence purport to characterize the Late Mungers Project DNA, which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the cited source.

3.      The allegations in the first and second sentences constitute plaintiffs' characterizations of their own case, which require no response.  To the extent a response is required, Intervenors deny the allegations in the first and second sentences.  The allegations in the third sentence constitute plaintiffs' characterizations of their requested relief, which require no response.  To the extent a response is required, Intervenors deny the allegations in the third sentence.

4.    The allegations in this paragraph constitute plaintiffs' characterizations of their requested relief, which require no response.  To the extent a response is required, Intervenors deny the allegations in this paragraph.

5.    The allegations in this paragraph constitute plaintiffs' characterizations of their requested relief, which require no response.  To the extent a response is required, Intervenors deny the allegations in this paragraph.

6.    Intervenors deny the allegations in this paragraph.

7.    The allegations constitute plaintiffs' characterizations of their case and requested relief for attorneys' fees and costs, which require no response.  To the extent a response is required, Intervenors deny the allegations in this paragraph.

**JURISDICATION AND VENUE**

8.    The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, Intervenors deny the allegations in this paragraph.

9.    The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, Intervenors deny the allegations in this paragraph.

10.    The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, Intervenors deny the allegations in this paragraph.

11.    The allegations in the first sentence constitute legal conclusions to which no response is required.  To the extent a response is required, Intervenors deny the allegations in the first sentence.  Intervenors admit the allegations in the second sentence.

12.     The allegations in the first clause of the first sentence—"[t]his case is properly filed in the Medford Division pursuant to Local Rule 3-2"—constitute legal conclusions to which no response is required.  To the extent a response is required, Intervenors deny the allegations in the first clause of the first sentence.  Intervenors admit the allegations in the second clause of the first sentence that the Late Mungers Project area and the BLM's office where the IVM-RL decision was signed are located in Josephine County.  The allegations in the second sentence constitute legal conclusions to which no response is required.  To the extent a response is required, Intervenors deny the allegations in the second sentence.

## PARTIES

**Plaintiffs**

13.     Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

14.     Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

15.     Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

16.     Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

17.     Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

18.     The allegations in the first sentence constitute legal conclusions to which no response is required.  To the extent a response is required, Intervenors deny the allegations in the first sentence.  Intervenors lack knowledge or information sufficient to form a belief as to the

truth of the allegations in the second sentence, therefore, deny the same.  Intervenors deny the allegations in the third sentence.

**Defendant**

19.    Intervenors admit the allegations in this paragraph.

## LEGAL BACKGROUND

### Administrative Procedure Act (APA)

20.    The allegations in this paragraph purport to characterize specific provisions of the APA, 5 U.S.C. §§ 702, 704, which speak for themselves and are the best evidence of their contents.  To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the cited source.

21.    The allegations in this paragraph purport to quote and characterize specific provisions of the APA, 5 U.S.C. §§ 706(2)(A), (D), which speak for themselves and are the best evidence of their contents.  To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the cited source.

### Federal Land Policy and Management Act (FLMPA)

22.    The allegations in this paragraph purport to quote and characterize specific provisions of FLPMA, Public Law 94-579 (1976), 43 U.S.C. §§  1701, 1701(a)(2), 1701 (a)(8), which speak for themselves and are the best evidence of their contents.  To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the cited sources.

23.    The allegations in this paragraph purport to characterize specific provisions of FLPMA, 43 U.S.C. §§ 1712, 1732, and the BLM's implementing regulations, 43 C.F.R. §1601.5-3(a), which speak for themselves and are the best evidence of their contents.  To the extent a

response is required, Intervenors deny the allegations in this paragraph to the extent they are inconsistent with the plain text and meaning of the cited sources.

24.    Intervenors deny the allegations in the first sentence and aver that the 2016 Southwestern Oregon Resource Management Plan RMP (2016 RMP) applies to the Medford, Lakeview and Roseburg Districts.  The allegations in the second sentence purport to characterize the 2016 RMP, which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the cited source.

25.    The allegations in this paragraph purport to characterize the 2016 RMP, which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Intervenors deny the allegations in this paragraph to the extent they are inconsistent with the plain text and meaning of the cited source.

**National Environmental Policy Act (NEPA)**

26.    The allegations in this paragraph purport to quote and characterize a specific provision of NEPA, 42 U.S.C. § 4321, which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Intervenors deny the allegations in this paragraph to the extent they are inconsistent with the plain text and meaning of the cited source.

27.    The allegations in this paragraph purport to characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  To the extent a response is required, Intervenors deny the allegations in this paragraph to the extent they are inconsistent with the plain text and meaning of the cited source.

28.    The allegations in this paragraph purport to characterize the Council on Environmental Quality's (CEQ) NEPA regulations and specific provisions of NEPA, 42 U.S.C. §

4342, 40 C.F.R. §§ 1500 (1978), which speak for themselves and are the best evidence of their contents. To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the cited source. Intervenors admit the allegations in the first clause of footnote 1 in this paragraph—that the public scoping notice for IVM-RL began on July 2, 2019 and relied on the 1978 CEQ NEPA regulations. The remaining allegations in footnote 1 constitute legal conclusions to which no response is required. To the extent a response is required, Intervenors deny the remaining allegations in footnote 1.

29.     The allegations in this paragraph purport to quote and characterize specific provisions of NEPA, 42 U.S.C. § 4332(2)(C), and its implementing regulations, 40 C.F.R. §§ 1508.11, 1502.1 (1978), which speak for themselves and are the best evidence of their contents. To the extent a response is required, Intervenors deny the allegations in this paragraph to the extent they are inconsistent with the plain text and meaning of the cited source.

30.     The allegations in this paragraph purport to quote and characterize a specific provision of NEPA, 42 U.S.C. § 4332(2)(E), which speaks for itself and is the best evidence of its contents. To the extent a response is required, Intervenors deny the allegations in this paragraph to the extent they are inconsistent with the plain text and meaning of the cited source.

31.     The allegations in this paragraph purport to characterize specific provisions of NEPA's implementing regulations, 40 C.F.R. § 1508.27, 1508.27(b)(1)-(10) (1978), which speak for themselves and are the best evidence of their contents. To the extent a response is required, Intervenors deny the allegations in this paragraph to the extent they are inconsistent with the plain text and meaning of the cited source.

32.     The allegations in this paragraph purport to characterize NEPA's implementing regulation, 40 C.F.R. § 1501.4 (1978), which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Intervenors deny the allegations in this paragraph to the extent they are inconsistent with the plain text and meaning of the cited source.

33.     The allegations in this paragraph purport to characterize uncited NEPA and/or its implementing regulations, which speak for themselves and are the best evidence of their contents.  To the extent a response is required, Intervenors deny the allegations in this paragraph to the extent they are inconsistent with the plain text and meaning of NEPA, its implementing regulations, or relevant case law.

34.     The allegations in this paragraph purport to quote and characterize specific provisions of NEPA's implementing regulations, 40 C.F.R. §§ 1507, 1508 (1978), which speak for themselves and are the best evidence of their contents.  To the extent a response is required, Intervenors deny the allegations in this paragraph to the extent they are inconsistent with the plain text and meaning of the cited source.

35.     The allegations in this paragraph purport to characterize a specific provision of NEPA, 40 C.F.R. § 1500.1(b) (1978), which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Intervenors deny the allegations in this paragraph to the extent they are inconsistent with the plain text and meaning of the cited source.

## FACTUAL ADMINSTRATIVE BACKGROUND

### The 2016 RMP

36.     The allegations in the first and second sentences purport to characterize the 2016 RMP, which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Intervenors deny the allegations in the first and second sentences to the extent they are

inconsistent with the plain text and meaning of the cited source.  The allegations in the third

sentence purport to characterize the IVM-RL's EA or Decision Record¸ which speak for

themselves and are the best evidence of their contents.  To the extent a response is required,

Intervenors deny the allegations in the third sentence to the extent they are inconsistent with the

plain text and meaning of the uncited sources.

37.     The allegations in this paragraph purport to characterize the 2016 RMP, which

speaks for itself and is the best evidence of its contents.  To the extent a response is required,

Intervenors deny the allegations in this paragraph to the extent they are inconsistent with the

plain text and meaning of the cited source.

38.     The allegations in this paragraph purport to quote and characterize the 2016 RMP,

which speaks for itself and is the best evidence of its contents.  To the extent a response is

required, Intervenors deny the allegations in this paragraph to the extent they are inconsistent

with the plain text and meaning of the cited source.

39.     The allegations in this paragraph purport to characterize the 2016 RMP, which

speaks for itself and is the best evidence of its contents.  To the extent a response is required,

Intervenors deny the allegations in this paragraph to the extent they are inconsistent with the

plain text and meaning of the cited source.

40.     The allegations in this paragraph purport to characterize the 2016 RMP, which

speaks for itself and is the best evidence of its contents.  To the extent a response is required,

Intervenors deny the allegations in this paragraph to the extent they are inconsistent with the

plain text and meaning of the cited source.

41.     The allegations in this paragraph purport to characterize the 2016 RMP, which

speaks for itself and is the best evidence of its contents.  To the extent a response is required,

Intervenors deny the allegations in this paragraph to the extent they are inconsistent with the plain text and meaning of the cited source.

42.     The allegations purport to characterize the 2016 RMP, which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Intervenors deny the allegations in this paragraph to the extent they are inconsistent with the plain text and meaning of the cited source.

43.     Intervenors admit the allegations in this paragraph.

44.     The allegations in this paragraph purport to characterize the 2016 RMP, which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Intervenors deny the allegations in this paragraph to the extent they are inconsistent with the plain text and meaning of the cited source.

## The Integrated Vegetation Management for Resilient Lands

45.     Intervenors admit the allegations in the first sentence.  The allegations in the second and third sentences purport to quote and characterize the IVM-RL's scoping notice, which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Intervenors deny the allegations in the second and third sentences to the extent they are inconsistent with the plain text and meaning of the cited source.

46.     Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence and footnote 2 and, therefore, deny them on that basis.  The allegations in the second and third sentences purport to characterize plaintiffs' scoping comments, which speak for themselves and are the best evidence of their contents.  To the extent a response is required, Intervenors deny the allegations in the second and third sentences to the extent they are inconsistent with the plain text and meaning of the cited source.

Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in fourth and fifth sentences and, therefore, deny them on that basis.

47.    Intervenors admit the allegations in the first sentence.  Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence and, therefore, deny them on that basis.  The allegations in the third sentence purport to characterize plaintiffs' comments on the draft IVM-RL EA Chapters 1 and 2, which speak for themselves and are the best evidence of their contents.  To the extent a response is required, Intervenors deny the allegations in the third sentence to the extent they are inconsistent with the plain text and meaning of the cited source.

48.    Intervenors admit the allegations in this paragraph.

49.    Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence and, therefore, deny them on that basis.  The allegations in the second, third and fourth sentences purport to characterize plaintiffs' comments on the final IVM-RL EA, which speak for themselves and are the best evidence of their contents. To the extent a response is required, Intervenors deny the allegations in the second, third, and fourth sentences to the extent they are inconsistent with the plain text and meaning of the cited source.

50.    The allegations in this paragraph purport to characterize plaintiffs' comments on the final IVM-RL EA, which speak for themselves and are the best evidence of their contents. To the extent a response is required, Intervenors deny the allegations in this paragraph to the extent they are inconsistent with the plain text and meaning of the cited source.

51.    The allegations in this paragraph purport to characterize plaintiffs' comments on the final IVM-RL EA, which speak for themselves and are the best evidence of their contents.

To the extent a response is required, Intervenors deny the allegations in this paragraph to the extent they are inconsistent with the plain text and meaning of the cited source.

52.    Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny them on that basis.

53.    Intervenors deny the allegations in this paragraph and avers that the BLM prepared an EIS for the 2016 RMP in March 2016 and an EA for the IVM-RL in March 2022, which analyzed and disclosed the environmental impacts of the program.

54.    Intervenors admit the allegations in the first sentence.  Intervenors admit the BLM concurrently approved a FONSI and DR for the IVM-RL and deny the remaining allegations in the second sentence.

55.    The allegations in this paragraph purport to characterize the IVM-RL EA and DR, which speak for themselves and are the best evidence of their contents.  To the extent a response is required, Intervenors deny the allegations in this paragraph to the extent they are inconsistent with the plain text and meaning of the cited sources.

56.    The allegations in this paragraph purport to characterize the IVM-RL EA and DR, which speak for themselves and are the best evidence of their contents.  To the extent a response is required, Intervenors deny the allegations in this paragraph to the extent they are inconsistent with the plain text and meaning of the cited source.

57.    The allegations in this paragraph purport to characterize the IVM-RL EA and DR, which speak for themselves and are the best evidence of their contents.  To the extent a response is required, Intervenors deny the allegations in this paragraph to the extent they are inconsistent with the plain text and meaning of the cited source.

58.    The allegations in this paragraph and Map 1 purport to characterize the IVM-RL DR, which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Intervenors deny the allegations in this paragraph to the extent they are inconsistent with the plain text and meaning of the cited source.

59.    The allegations in this paragraph purport to characterize the IVM-RL DR, which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Intervenors deny the allegations in this paragraph to the extent they are inconsistent with the plain text and meaning of the cited source.

60.    The allegations in the first clause of the first sentence are vague and ambiguous, and Intervenors deny them on that basis.  The remaining clause of the first sentence and second sentence purport to quote and characterize the IVM-RL DR, which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Intervenors deny the allegations in the remaining clause of the first sentence and second sentence to the extent they are inconsistent with the plain text and meaning of the cited source.

61.    The allegations in this paragraph purport to quote and characterize the IVM-RL EA and DR, which speak for themselves and are the best evidence of their contents.  To the extent a response is required, Intervenors deny the allegations in this paragraph to the extent they are inconsistent with the plain text and meaning of the uncited source.

62.    The allegations in in this paragraph purport to quote and characterize the IVM-RL EA and DR, which speak for themselves and are the best evidence of their contents.  To the extent a response is required, Intervenors deny the allegations in this paragraph to the extent they are inconsistent with the plain text and meaning of the uncited source.

63.    The allegations in this paragraph purport to quote and characterize the IVM-RL EA and DR, which speak for themselves and are the best evidence of its contents.  To the extent a response is required, Intervenors deny the allegations in this paragraph to the extent they are inconsistent with the plain text and meaning of the uncited source.

64.    Intervenors deny the allegations in this paragraph.

65.    Intervenors deny the allegations in this paragraph.

66.    The allegations in this paragraph purport to quote and characterize the IVM-RL EA, which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Intervenors deny the allegations in this paragraph to the extent they are inconsistent with the plain text and meaning of the cited source.

67.    The allegations in this paragraph purport to characterize the IVM-RL DR, which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Intervenors deny the allegations in this paragraph to the extent they are inconsistent with the plain text and meaning of the cited source.

68.    The allegations in this paragraph purport to characterize the IVM-RL EA, which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Intervenors deny the allegations in this paragraph to the extent they are inconsistent with the plain text and meaning of the cited source.

69.    Intervenors aver that the IVM-RL DR asserts that the BLM "conducted an environmental analysis for a 10-year program of integrated vegetation management for resilient lands" work and that the Late Mungers Project is a site-specific project implementing a portion of the IVM-RL DR, but deny the remaining allegations in this paragraph.

.

70.     The allegations in this paragraph purport to quote and characterize the IVM-RL DR, which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the cited source.

71.     The allegations in this paragraph purport to quote and characterize the IVM-RL DR, which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the cited source.

72.     Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in the in this paragraph and, therefore, deny them on that basis.

**Northern Spotted Owl (NSO) Habitat and IVM's Approved Late-Successional Reserve Logging**

73.     Intervenors admit the allegations in this paragraph.

74.     Intervenors aver that the IVM-RL EA provides the definitions of NSO habitat in southwestern Oregon.  To the extent the allegations in this paragraph purport to characterize IVM-RL's EA, that document speaks for itself and is the best evidence of its contents.  To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the uncited source.

75.     The allegations in this paragraph purport to quote and characterize the Federal Register notice, 55 Fed. Reg. 26,114 (June 26, 1990), which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Intervenors deny the allegations in this paragraph to the extent they are inconsistent with the plain text and meaning of the cited source.

76.     Intervenors admit the allegations in this paragraph.

77.     The allegations in this paragraph purport to quote and characterize the 2012 Federal Register notice, 77 Fed. Reg. 71,905 (Dec. 4, 2012), which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Intervenors deny the allegations in this paragraph to the extent they are inconsistent with the plain text and meaning of the cited source.

78.     The allegations in this paragraph purport to characterize the IVM-RL EA, which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the uncited source.

79.     Intervenors deny the allegations in this paragraph.

80.     Intervenors admit the allegations in this paragraph.

81.     The allegations in this paragraph purport to characterize the 2016 RMP, which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Intervenors deny the allegations in this paragraph to the extent they are inconsistent with the plain text and meaning of the cited source.

82.     The allegations in this paragraph purport to quote and characterize the 2016 RMP, which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Intervenors deny the allegations in this paragraph to the extent they are inconsistent with the plain text and meaning of the cited source.

83.     Intervenors deny the allegations in this paragraph.

84.     Intervenors deny the allegations in this paragraph.

85.     Intervenors deny the allegations in this paragraph.

86.     Intervenors deny the allegations in this paragraph.

87.     Intervenors deny the allegations in the first sentence.  To the extent the allegations in the second, third, and fourth sentences purport to characterize the IVM-RL EA, that document speaks for itself and is the best evidence of its contents.  To the extent a response is required, Intervenors deny the allegations in the second, third, and fourth sentences to the extent they are inconsistent with the plain text and meaning of the uncited source.

88.     The allegations in the first sentence purport to characterize the IVM-RL DR, which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Intervenors deny the allegations in the first sentence to the extent they are inconsistent with the plain text and meaning of the cited source.  Intervenors deny the allegations in the second sentence.

89.     Intervenors deny the allegations in this paragraph.

90.     The allegations in this paragraph purport to quote and characterize the 2016 RMP and IVM-RL EA, which speak for themselves and are the best evidence of their contents.  To the extent a response is required, Intervenors deny the allegations in this paragraph to the extent they are inconsistent with the plain text and meaning of the uncited source.

91.     The allegations in this paragraph purport to quote and characterize the IVM-RL EA, which speaks for itself and are the best evidence of its contents.  To the extent a response is required, Intervenors deny the allegations in this paragraph to the extent they are inconsistent with the plain text and meaning of the uncited source.

92.     Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence and deny them on that basis.  The allegations in the second sentence purport to characterize the IVM-RL's analysis under NEPA, which speaks for

itself and is the best evidence of its contents.  To the extent a response is required, Intervenors

deny the allegations in the second sentence to the extent they are inconsistent with the plain text

and meaning of the cited source.  Intervenors deny the allegations in the third and fourth

sentences.

93.     Intervenors deny the allegations in this paragraph.

94.     Intervenors deny the allegations in this paragraph.

### Threatened & Endangered Species Consultation with FWS

95.     The allegations in this paragraph purport to characterize the Resilient Lands

Programmatic Biological Opinion (BiOp), which speaks for itself and is the best evidence of its

contents.  To the extent a response is required, Intervenors deny the allegations in this paragraph

to the extent they are inconsistent with the plain text and meaning of the cited source.

96.     The allegations in this paragraph purport to quote and characterize the BiOp,

which speaks for itself and is the best evidence of its contents.  To the extent a response is

required, Intervenors deny the allegations in this paragraph to the extent they are inconsistent

with the plain text and meaning of the cited source.

97.     The allegations in this paragraph purport to quote and characterize the BiOp,

which speaks for itself and is the best evidence of its contents.  To the extent a response is

required, Intervenors deny the allegations in this paragraph to the extent they are inconsistent

with the plain text and meaning of the cited source.

98.     The allegations in this paragraph purport to characterize the BiOp, which speaks

for itself and is the best evidence of its contents.  To the extent a response is required, Intervenors

deny the allegations in this paragraph to the extent they are inconsistent with the plain text and

meaning of the cited source.

**Implementation of IVM: Late Mungers Determination of**

**NEPA Adequacy and Timber Sales**

99.    Intervenors admit the allegations in the first sentence.  The allegations in the second sentence purport to quote and characterize the draft Late Mungers Determination of NEPA Adequacy (DNA), which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Intervenors deny the allegations in the second sentence to the extent they are inconsistent with the plain text and meaning of the uncited source.

100.    Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph  and, therefore, deny them on that basis.

101.    Intervenors admit the allegations in this paragraph.

102.    Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny them on that basis.

103.    Intervenors admit the allegations in this paragraph.

104.    The allegations in this paragraph purport to characterize the final Late Mungers DNA, which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Intervenors deny the allegations in this paragraph to the extent they are inconsistent with the plain text and meaning of the cited source.

105.    The allegations in this paragraph purport to characterize the final Late Mungers DNA, which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Intervenors deny the allegations in this paragraph to the extent they are inconsistent with the plain text and meaning of the cited source.

106.    The allegations in this paragraph purport to characterize the final Late Mungers DNA, which speaks for itself and is the best evidence of its contents.  To the extent a response is

required, Intervenors deny the allegations in this paragraph to the extent they are inconsistent with the plain text and meaning of the cited source.

107.    Intervenors deny the allegations in this paragraph.

108.    Intervenors deny the allegations in this paragraph.

109.     Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny them on that basis.

110.    The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent which a response is required, the allegations in this paragraph are denied.

111.    The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

## FIRST CLAIM FOR RELIEF
### (FLMPA and APA Compliance)

112.    Intervenors incorporate by reference their responses to all preceding paragraphs.

113.    The allegations in the first sentence purport to characterize FLPMA, 43 U.S.C. § 1732(a), and its implementing regulations, 43 C.F.R. § 1610.5-3(a), which speak for themselves and are the best evidence of their contents.  To the extent a response is required, Intervenors deny the allegations in the first sentence to the extent they are inconsistent with the plain text and meaning of the cited source.  Intervenors admit the allegations in the second sentence.

114.    The allegations in this paragraph purport to characterize the 2016 RMP, which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Intervenors deny the allegations in this paragraph to the extent they are inconsistent with the plain text and meaning of the cited source.

115.    The allegations in this paragraph purport to characterize the 2016 RMP, which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Intervenors deny the allegations in this paragraph to the extent they are inconsistent with the plain text and meaning of the cited source.

116.    The allegations in this paragraph purport to quote and characterize the 2016 RMP, which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Intervenors deny the allegations in this paragraph to the extent they are inconsistent with the plain text and meaning of the cited source.

117.    Intervenors deny the allegations in this paragraph.

**Count 1: BLM failed to demonstrate that the "Ecosystem Resilience-Open" treatments are consistent with the RMP requirements governing logging in LSR.**

118.    Intervenors deny the allegations in the first sentence.  The allegations in the second sentence purport to characterize the BLM NEPA documents, which speak for themselves and are the best evidence of their contents.  To the extent a response is required, Intervenors deny the allegations in the second sentence to the extent they are inconsistent with the plain text and meaning of the uncited source.

119.    Intervenors deny the allegations in this paragraph.

120.    The allegations in this paragraph purport to quote and characterize the BLM NEPA documents, which speak for themselves and are the best evidence of their contents.  To the extent a response is required, Intervenors deny the allegations in this paragraph to the extent they are inconsistent with the plain text and meaning of the uncited source.

121.    Intervenors deny the allegations in this paragraph.

122.    Intervenors deny the allegations in this paragraph.

[PROPOSED] DEFENDANT-INTERVENORS' ANSWER - 20

123.    Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny them on that basis.

124.    Intervenors deny the allegations in this paragraph.

125.    Intervenors deny the allegations in this paragraph.

**Count 2: BLM's "Ecosystem Resilience-Intermediate" treatments are inconsistent with the RMP requirements governing logging in LSR.**

126.    Intervenors deny the allegations in this paragraph.

127.    Intervenors deny the allegations in this paragraph.

128.    Intervenors deny the allegations in this paragraph.

129.    Intervenors deny the allegations in this paragraph.

<u>SECOND CLAIM FOR RELIEF</u>
**(Violations of the National Environmental Policy Act and the Administrative Procedure Act)**

**Count 1: Failure to complete an Environmental Impact Statement and Arbitrary and Capricious Finding of No Significant Impact**

130.    Intervenors incorporate by reference their responses to all preceding paragraphs.

131.    The allegations in this paragraph purport to characterize specific provisions of NEPA, 42 U.S.C. § 4332(2)(C), and its implementing regulation, 40 C.F.R. § 1508.27 (1978), which speak for themselves and are the best evidence of their contents.  To the extent a response is required, Intervenors deny the allegations in this paragraph to the extent they are inconsistent with the plain text and meaning of the cited source.

132.    The allegations in this paragraph purport to characterize NEPA and its implementing regulation, 40 C.F.R. § 1500.1(b) (1978), which speak for themselves and are the best evidence of their contents.  To the extent a response is required, Intervenors deny the

allegations in this paragraph to the extent they are inconsistent with the plain text and meaning of the cited source.

133.    The allegations in this paragraph purport to characterize a specific provision of NEPA, 42 U.S.C. § 4332, which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Intervenors deny the allegations in this paragraph to the extent they are inconsistent with the plain text and meaning of the cited source.

134.    The allegations in this paragraph purport to quote and characterize NEPA's implementing regulation, 40 C.F.R. § 1508.27 (1978), which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Intervenors deny the allegations in this paragraph to the extent they are inconsistent with the plain text and meaning of the cited source.

135.    The allegations in this paragraph purport to characterize NEPA's implementing regulation, 40 C.F.R. § 1508.27(b) (1978), which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Intervenors deny the allegations in this paragraph to the extent they are inconsistent with the plain text and meaning of the cited source.

136.    The allegations in this paragraph purport to quote and characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  To the extent a response is required, Intervenors deny the allegations in this paragraph to the extent they are inconsistent with the plain text and meaning of the uncited source.

137.    The allegations in this paragraph constitute legal conclusions, to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

138.    The allegations in this paragraph constitute legal conclusions, to which no response is required.  To the extent a response is required, the allegations in this paragraph are denied.

139.    Intervenors deny the allegations in this paragraph.

140.    Intervenors deny the allegations in this paragraph.

141.    Intervenors deny the allegations in this paragraph.

142.    Intervenors deny the allegations in the first sentence.  The allegations in the second sentence purport to characterize the IVM-RL FONSI and the 2016 RMP, which speak for themselves and are the best evidence of their contents.  To the extent a response is required, Intervenors deny the allegations in the second sentence to the extent they are inconsistent with the plain text and meaning of the cited source.

143.    Intervenors deny the allegations in this paragraph.

144.    Intervenors deny the allegations in this paragraph.

145.    Intervenors deny the allegations in this paragraph.

146.    Intervenors deny the allegations in this paragraph.

147.    Intervenors deny the allegations in this paragraph.

**Count 2: Failure to take a "hard look" at the direct, indirect, and cumulative impacts of the IVM-RL Program and the Late Mungers Project.**

148.    Intervenors incorporate by reference their  responses to all preceding paragraphs.

149.    The allegations in this paragraph purport to characterize NEPA and its implementing regulations, 42 U.S.C. § 4332(2)(C), 40 C.F.R. §§ 1502, 1508 (1978), which speak for themselves and are the best evidence of their contents.  To the extent a response is required, Intervenors deny the allegations in this paragraph to the extent they are inconsistent with the plain text and meaning of the cited source.

150.    The allegations in this paragraph purport to characterize NEPA's implementing regulations, 40 C.F.R. §§ 1502.16, 1508.7, 1508.8, 1508.25(c), 1508.27(b)(7) (1978), which speak for themselves and are the best evidence of their contents.  To the extent a response is required, Intervenors deny the allegations in this paragraph to the extent they are inconsistent with the plain text and meaning of the cited source.

151.    The allegations in this paragraph purport to characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  To the extent a response is required, Intervenors deny the allegations in this paragraph to the extent they are inconsistent with the plain text and meaning of the uncited source.

152.    The allegations in the first sentence purport to quote and characterize NEPA's implementing regulation, 40 C.F.R. § 1502.15 (1978), which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Intervenors deny the allegations in the first sentence to the extent they are inconsistent with the plain text and meaning of the cited source.  The allegations in the second sentence constitute legal conclusions, to which no response is required.  To the extent a response is required, the allegations in the second sentence are denied.

153.    The allegations in this paragraph purport to characterize NEPA's implementing regulation, 40 C.F.R. § 1508.7 (1978), which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Intervenors deny the allegations in this paragraph to the extent they are inconsistent with the plain text and meaning of the cited source.

154.    The allegations in this paragraph purport to characterize NEPA and its implementing regulation, which speak for themselves and are the best evidence of their contents.

To the extent a response is required, Intervenors deny the allegations in this paragraph to the extent they are inconsistent with the plain text and meaning of the uncited source.

155.    The allegations in the first sentence purport to characterize NEPA's implementing regulation, 40 C.F.R. § 1500.1(b)-(c) (1978), which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Intervenors deny the allegations to the extent they are inconsistent with the plain text and meaning of the cited source.  The allegations in the second sentence constitute legal conclusions, to which no response is required.  To the extent a response is required, the allegations in the second sentence are denied.

156.    Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny them on that basis.

157.    Intervenors deny the allegations in this paragraph.

158.    Intervenors deny the allegations in this paragraph.

159.    Intervenors deny the allegations in this paragraph.

160.    Intervenors deny the allegations in this paragraph.

161.    Intervenors deny the allegations in this paragraph.

## PLAINTIFFS' PRAYER FOR RELIEF

The remainder of plaintiffs' Complaint consists of their request for relief, which requires no response.  To the extent a response may be required, Intervenors deny the allegations.

## GENERAL DENIAL

Intervenors deny each and every allegation of plaintiffs' Complaint not otherwise expressly admitted, qualified, or denied.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to state a claim)

Plaintiffs have failed to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Waiver/Estoppel)

Plaintiffs are barred from presenting some or all claims by waiver or estoppel.

## THIRD AFFIRMATIVE DEFENSE
### (Claim Preclusion/Res Judicata)

Plaintiffs' claims were, or could have been, adjudicated in previous litigation in this Court and therefore are barred by issue preclusion (collateral estoppel) or claim preclusion (res judicata).

WHEREFORE, American Forest Resource Council and Association of O&C Counties respectfully request that the Court deny plaintiffs' request for relief, dismiss the case with prejudice, that plaintiffs take nothing, and grant any other relief deemed appropriate.

Dated this 28th day of July, 2023.

/s/ Sara Ghafouri
SARA GHAFOURI, OSB #111021
SARAH MELTON, OSB ##227050
American Forest Resource Council
700 N.E. Multnomah, Suite 320
Portland, Oregon 97232
Telephone: (503) 222-9505
Fax: (503) 222-3255
Email: sghafouri@amforest.org
Email: smelton@amforest.org

DOMINIC M. CAROLLO, OSB #093057
Carollo Law Group LLC
Mail:   P.O. Box 2456
Roseburg, OR 97470
Office: 2315 Old Highway 99 South
Roseburg, OR 97471
Telephone: (541) 957-5900
Fax: (541) 957-5923
Email: dcarollo@carollolegal.com

Attorneys for Proposed Defendant-Intervenors

## <u>CERTIFICATE OF SERVICE</u>

I, Sara Ghafouri, hereby certify that I, on July 28, 2023, caused the foregoing to be served upon counsel of record through the Court's electronic service system.

Dated this 28th day of July, 2023.


<u>/s/ Sara Ghafouri</u>
Sara Ghafouri