Meriel L. Darzen, OSB # 113645
(503) 525-2725 │ meriel@crag.org
Alexandria Dolezal, OSB # 223924
(503) 525-2725 │ alexandria@crag.org
CRAG LAW CENTER
3141 E. Burnside St.
Portland, Oregon 97214

Nicholas S. Cady, OSB # 113463
(541) 434-1463 │ nick@cascwild.org
Cascadia Wildlands
P.O. Box 10455
Eugene, Oregon 97440
Attorneys for KS Wild, et al. Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
### MEDFORD DIVISION

|  |  |
|---|---|
| **KLAMATH-SISKIYOU WILDLANDS CENTER**, et al., <br><br> & <br><br> **APPLEGATE SISKIYOU ALLIANCE,** <br><br> Plaintiffs, <br><br> v. <br><br> **UNITED STATES BUREAU OF LAND MANAGEMENT**, <br><br> Defendants. | Case No.: 1-23-cv-00519-CL; <br> Case No.: 1-23-cv-01163-CL <br><br><br> PLAINTIFFS' JOINT MOTION TO CLARIFY |

Plaintiffs respectfully move to clarify or provide relief under Fed. R. Civ. P. 60 and/or 59(e) regarding the Court's Findings and Recommendations Dkt. # 98 prior to Objection briefing by the parties. The Court found that "Defendant and Defendant-Intervenors have failed to show why 'equity demands' anything less that vacatur of the unlawful agency action," and thus recommended the Court "VACATE in part the IVM Program's Environmental Assessment ("EA") and associated Decision Record, Finding of No Significant Impact ("FONSI"), and the Late Mungers' Determination of NEPA Adequacy and associated Decision Record. This vacatur should be limited to the commercial logging portion of the Open and Intermediate treatments in LSRs. The Court should not vacate the small-diameter thinning and prescribed burning components of the IVM Program EA and FONSI, such that BLM can continue to authorize DNAs disclosing and authorizing site-specific implementation of these activities across the entire IVM Program area." Dkt. # 98 at 2-3.

Plaintiffs are concerned that a substantial subset of commercial logging authorized under the IVM Program exists in a gray area between the vacated "commercial logging portion of the Open and Intermediate treatments" and the "small-diameter thinning and prescribed burning" components that the Court specifies can move forward under DNAs. Pursuant to Local Rule 7-1(a), KS Wild Plaintiffs have conferred with Defendant and Defendant-Intervenors,[1] and Defendant and Defendant-Intervenors interpret this finding to allow them to move forward with commercial logging under the IVM Program without preparing an environmental impact statement because while these logging prescriptions are commercial, they are not "portion[s] of the Open and Intermediate treatments." Dkt. # 98 at 3. The ambiguity is hopefully more clearly

---

[1] Defendant and Defendant-Intervenors oppose this motion.

demonstrated through this chart from the IVM EA which describes the logging prescriptions

authorized under the IVM Program:

| Action Alternative | Estimated Canopy Cover (%) | Maintenance Frequency (Average Number of Entries Over 50 Years) | Percentage of IVM Eligible Treatment Acreage | Acres (approximate) |
|---|---|---|---|---|
| **Common to all** | | | | |
| Young Moderate - Density Stands | N/A | 20-30 years (1.5) | 19% | 130,000 |
| **Alternative A (Implementation Acres: 17,000 Commercial Actions and 17,000 Prescribed Fire)** | | | | |
| Strategic Areas & 1/4 mile of CAR (0.35-0.4) | 40-50 | 10-20 years (2) | 2% | 13K |
| Surface and Ladder Fuels | N/A | 10-20 years (3) | 16% | 107K |
| **Alternative B (Implementation Acres: 20,000 Commercial Actions and 30,000 Prescribed Fire)** | | | | |
| Maintain NSO Dispersal-Only Habitat (0.35-0.45) | 40-50 | 20-30 years (1.5) | 3% | 17K |
| Maintain Spotted Owl Nesting-Roosting and Foraging Habitat (0.45) | >60 | | 2 | 10K |
| Jeffery Pine and Oak - Open (0.2-0.35) | 30-40 | 10-20 years (4) | 0.05% | 367 |
| Surface and Ladder Fuels | N/A | 10-20 years (3) | 75% | 513K |
| **Alternative C (Implementation Acres: 20,000 Commercial Actions and 70,000 Prescribed Fire)** | | | | |
| Near-Term Spotted Owl (0.45) | >60 | 20-30 years (1.5) | 2% | 12K |
| Ecosystem Resilience - CLOSED (0.4-0.45) | 50-60 | | 0.2% | 1K |
| Long-Term NSO (≥0.3) | >40 | | 5% | 32K |
| Ecosystem Resilience - INTERMEDIATE (0.3-0.4) | 40-50 | | 7% | 49K |
| Fuels Emphasis (1/4 mile of CAR) (0.35-0.4) | 40-50 | 10-20 years (2) | 1% | 6K |
| Ecosystem Resilience - OPEN (0.2-0.3) | 30-40 | 10-20 years (4) | 5% | 32K |
| Surface and Ladder Fuels | N/A | 10-20 years (3) | 73% | 500K |

AR 2633. Under selected Alternative C, highlighted here are the two prescriptions the Findings

clearly recommends for vacatur, and the "Surface and Ladder Fuels" prescription refers to the

small-diameter and prescribed burning authorized under the IVM Program, which the Court said

could move forward under DNAs. *Id.* However, the IVM Program authorizes commercial

logging outside of Ecosystem Resilience INTERMEDIATE and OPEN prescriptions including:

"Fuels Emphasis (1/4 mile of CAR), Long-Term NSO, Ecosystem Resilience- CLOSED, and

Near-Term Spotted Owl. *Id.* The decimal figures following these prescription names indicate the

residual density ("RD") or intensity of those commercial logging prescriptions. *Id.* Both the

Fuels Emphasis and Long-Term NSO prescriptions authorize commercial logging within the

same RD range as the Ecosystem Resilience – INTERMEDIATE logging prescription, and BLM lumped these prescriptions together for purposes of analyzing for compliance with the 20-year standard as the Court highlights in its Findings and Recommendations Dkt. #53 at 21 ("Long-Term Spotted Owl Theme, Ecosystem Resilience-Intermediate Theme, Alternatives A and B thinning prescriptions, Ecosystem Resilience-Intermediate Theme" were all analyzed together as having "RD targets of 30%").

Despite this overlap, Defendant and Defendant-Intervenors interpret the "commercial logging portion of the Open and Intermediate treatments" language from the Finding to allow them to move forward with "Fuels Emphasis and Long-Term NSO" prescriptions which are the same intensity (.03-.04 RD) as the Intermediate prescription that this Court found violated the 20-year standard.

Plaintiffs believe it was not the Court's intent through these Findings to allow BLM to move forward with commercial logging that violates the 20-year standard and/or absent the preparation of an environmental impact statement on remand. Dkt. # 98 at 3. We believe that is the case concerning the FLPMA ruling because the Court found "that the 20-year standard clearly applies to any proposed actions in the LSRs, irrespective of BLM's stated purpose," which would include the "Fuels Emphasis and Long-Term NSO" prescriptions. Dkt. No. 53 at 21. Also, the modeling that underpinned the Intermediate logging prescription is the same modeling that underpinned both the Fuels Emphasis and Long-Term Spotted Owl logging prescriptions. *Id.* at 21-22. The Court found this "modeling cannot be rationally supported." *Id.* at 22.

Concerning the NEPA violations, the Court "finds that Defendant and Defendant-Intervenors have failed to show why 'equity demands' anything less than vacatur of the unlawful

agency action." Dkt. # 98 at 2. The NEPA violations identified by the Court run through the entire commercial logging program authorized under the IVM Program. *See* AR 3079-80 ("group selection openings" and gap creation highlighted by the Court in the NEPA ruling applies across the entire commercial logging program "except where noted otherwise in the action alternatives"); *id.* ("group selection openings" are a component of all logging prescriptions under selected Alternative C).[2] BLM selected Alternative C which permits group selection opening or gaps across all logging prescriptions "up to 4 acres in size in up to 25 percent of the treated stand (in stands $\geq$ 10 acres)." AR 3080. The inherent uncertainty under BLM's programmatic framework and its precedential implications also cloud the entire commercial logging program. *See* Dkt. # 53 at 31-2. Additionally, the findings specify that only "small-diameter thinning and prescribed burning" can move forward through DNAs. Dkt. # 98 at 3.

Plaintiffs believe that deleting the text "portions of the Open and Intermediate treatments" on Page 3 of the Findings and Recommendations Dkt. # 98 would effectuate the Court's intent to vacate the commercial logging authorized under the IVM Program, while allowing the small-diameter thinning and prescribed burning to move forward as specified in the Findings.[3] We believe this is in harmony with the Court's Findings and Recommendations on the merits. *See* Dkt. # 53.

Plaintiffs believe this matter is best clarified up front, instead of during or after objection briefing because it will influence whether objections are warranted and/or the substance of such objections. If the Court truly intended to allow all the commercial logging authorized under the

---

[2] Group selection openings were only restricted in the unselected Alternative B. AR 3075.
[3] ASA Plaintiffs agree that clarity is needed, but reserve rights to object to issues beyond this motion.

IVM Program to move forward except the Ecosystem Resilience Open and Intermediate

prescriptions, Plaintiffs reserve the right to object to this remedy Finding.

Respectfully submitted this 2nd day of April, 2026.


/s/ Nicholas Cady
Nicholas S. Cady (OSB # 113463)
Cascadia Wildlands
P.O. Box 10455
Eugene, Oregon 97440
Tel: 541-434-1463 | Email: nick@cascwild.org
*Counsel for KS Wild Plaintiffs*