Meriel L. Darzen, OSB # 113645
(503) 525-2725 │ meriel@crag.org
Alexandria Dolezal, OSB # 223924
(503) 525-2725 │ alexandria@crag.org
CRAG LAW CENTER
3141 E. Burnside St.
Portland, Oregon 97214

Nicholas S. Cady, OSB # 113463
(541) 434-1463 │ nick@cascwild.org
Cascadia Wildlands
P.O. Box 10455
Eugene, Oregon 97440
Attorneys for KS Wild, et al. Plaintiffs

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
MEDFORD DIVISION**

| | |
|---|---|
| **KLAMATH-SISKIYOU WILDLANDS CENTER**, et al., <br><br> & <br><br> **APPLEGATE SISKIYOU ALLIANCE**, <br><br> Plaintiffs, <br><br> v. <br><br> **UNITED STATES BUREAU OF LAND MANAGEMENT**, <br><br> Defendants. | Case No.: 1-23-cv-00519-CL; <br> Case No.: 1-23-cv-01163-CL <br><br> KS WILD PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY |

KS Wild Plaintiffs respectfully submit this Notice of Supplemental Authority regarding the Blue and Gold Project in the Bureau of Land Management's ("BLM") Roseburg District. KS Wild Plaintiff groups Cascadia Wildlands and Oregon Wild joined other organizations to challenge the Blue and Gold Project in 2024 similarly alleging Federal Land Policy and Management Act ("FLPMA") and National Environmental Policy Act ("NEPA") violations. Judge Kasubhai issued his Order and Opinion in that case, *Cascadia Wildlands et al. v. Bureau of Land Management*, No. 6:24-cv-1641-MTK on May 14, 2026 (ECF No. 72), attached here as Exhibit 1 ("B&G Opinion"). Plaintiffs provide notice of this new authority to assist the Court in the ongoing remedy deliberations.

In the B&G Opinion, Judge Kasubhai found that BLM violated FLPMA and NEPA, including that BLM erred in failing to prepare an Environmental Impact Statement. B&G Opinion at 29-30. These determinations mirror the Court's findings on the merits here. Judge Kasubhai concluded for remedy:

> Because the Court finds that BLM violated FLPMA and NEPA, it must determine the appropriate relief. The presumptive remedy for NEPA and APA violations is *vacatur* and remand. 5 U.S.C. § 706 ("The reviewing court shall ... hold unlawful and set aside agency action, findings, and conclusions found to be ... arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."); *All. for the Wild Rockies v. U.S. Forest Serv.*, 907 F.3d 1105, 1121–22 (9th Cir. 2018). Accordingly, this Court vacates the Blue and Gold Project EA, FONSI, and associated Decision Record, and remands to BLM to comply with FLPMA and NEPA.

B&G Opinion at 30-31.

Here, KS Wild Plaintiffs believe this remedy ruling is instructive, and to the extent helpful, provide this proposed order that harmonizes the Court's Findings:

1

"The Court has closely reviewed the parties briefing and finds that Defendant and Defendant-Intervenors have failed to show why "equity demands" anything less than vacatur of the commercial portions of this unlawful agency action. *All. for the Wild Rockies v. U.S. Forest Serv.*, 907 F.3d 1105, 1121–22 (9th Cir. 2018). However, KS Wild Plaintiffs, Defendant, and Defendant-Intervenors have demonstrated that that equity does compel the Court to permit the small-diameter thinning and prescribed burning components of the IVM Program to move forward. The following recommendation appropriately flows from the Court's prior Findings and Recommendations:

(1) The Court should VACATE in part the IVM Program's Environmental Assessment ("EA") and associated Decision Record, Finding of No Significant Impact ("FONSI"), and the Late Mungers' Determination of NEPA Adequacy and associated Decision Record. This vacatur should be limited to the commercial logging portions of the IVM Program. The Court should not vacate the small-diameter thinning and prescribed burning components of the IVM Program EA and FONSI, such that BLM can continue to authorize DNAs disclosing and authorizing site-specific implementation of these activities across the entire IVM Program area. *See* F&R at 12-13, ECF No. 53 (describing non-commercial components such as small-diameter thinning and prescribed burning).

(2) The Court should REMAND the matter back to the BLM and ORDER it to prepare an environmental impact statement on the vacated portions described in subsection 1 above. The matter should remain remanded until BLM demonstrated to this Court that it has adequately complied with the law.

(3) KS Wild Plaintiffs and ASA Plaintiffs are prevailing parties and should be AWARDED reasonable costs, expenses, and disbursements, including reasonable attorney fees associated with this litigation pursuant to the Equal Access to Justice Act.

(4) All other requested relief should be DENIED.

KS Wild Plaintiffs believe this proposed remedy order harmonizes the Court's findings, including the Court's EIS Finding, and the Court's failure to reach Plaintiffs' other NEPA claims, and other remedy orders from this District on parallel cases, including the case attached to this notice. KS Wild Plaintiffs respectfully provide this language to remove any ambiguity concerning our position.

Respectfully submitted this 21st day of May, 2026.

/s/ Nicholas Cady
Nicholas S. Cady (OSB # 113463)
Cascadia Wildlands
P.O. Box 10455
Eugene, Oregon 97440
Tel: 541-434-1463 | Email: nick@cascwild.org
*Counsel for KS Wild Plaintiffs*

3

PLAINTIFFS' RESPONSE TO OBJECTIONS TO FINDINGS AND
RECOMMENDATIONS                                                                    1