UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

KLAMATH-SISKIYOU WILDLANDS
CENTER, et al.,

    Plaintiffs,

v.

UNITED STATES BUREAU OF
LAND MANAGEMENT,

    Defendant,

AMERICAN FOREST RESOURCE

COUNCIL, et al.,

    Intervenor Defendants.

Case No. 1:23-cv-00519-CL (Leading)
Case No. 1:23-cv-01163-CL (Trailing)

**AMENDED FINDINGS AND
RECOMMENDATION**

---

**CLARKE,** United States Magistrate Judge.

Plaintiffs Klamath-Siskiyou Wildlands Center, Cascadia Wildlands, Oregon Wild, and Soda Mountain Wilderness Council (collectively, "KS Plaintiffs") are joined by Plaintiff Applegate Siskiyou Alliance ("ASA Plaintiff") in bringing this environmental law case against Defendant the United States Bureau of Land Management ("BLM"). The American Forest Resource Council and Association of O&C Counties have joined as intervenor defendants (together, "Intervenor Defendants").

Page 1 — AMENDED FINDINGS AND RECOMMENDATION

Plaintiffs in this consolidated case challenged BLM's approval of the Integrated Vegetation Management for Resilient Lands Program ("IVM Program"). The IVM Program, which provides for a broad program of fire resilience and forest restoration work, also authorizes commercial logging of large-diameter trees in areas of Oregon's forests that have historically been preserved. Plaintiffs asserted related and overlapping claims under the Federal Land Policy and Management Act ("FLPMA") and the National Environmental Policy Act ("NEPA") against BLM for its approval of the IVM Program, alleging that BLM failed to comply with the governing 2016 Resource Management Plan ("RMP"). The parties filed cross-motions for summary judgment.

On May 24, 2024, the Court issued an F&R on the cross-motions for summary judgment, finding that the commercial logging portions of the Open and Intermediate prescription themes the IVM Program were inconsistent with the governing RMP's 20-year standard and therefore violated FLPMA. ECF No. 53 at 34; *adopted* ECF No. 69;[1] *See* (Alternative C) in Table 11 of the IVM EA, AR 2633 (describing Open and Intermediate prescription themes). The Court also found that BLM's failure to prepare an EIS in connection to the IVM Program arbitrarily and capriciously violated BLM's obligations under NEPA. ECF No. 53 at 34. The Court ordered the parties to submit additional briefing on the appropriate remedy in this case and held oral argument.

The Court has closely reviewed the parties briefing and finds that Defendant and Defendant-Intervenors have failed to show why "equity demands" anything less than vacatur of the unlawful agency action. *All. for the Wild Rockies v. United States Forest Service*, 907 F.3d

---

[1] The Court fully incorporates its May 24, 2024 F&R. ECF No. 53.

1105, 1121 (9th Cir. 2018). The following recommendation appropriately flows from the Court's prior Findings and Recommendation:

(1) The Court should VACATE in part the IVM Program's Environmental Assessment ("EA") and associated Decision Record, Finding of No Significant Impact ("FONSI"), and the Late Mungers' Determination of NEPA Adequacy and associated Decision Record. This vacatur should be limited to the commercial logging in LSRs. The Court should not vacate the small-diameter thinning and prescribed burning components of the IVM Program EA and FONSI, such that BLM can continue to authorize DNAs disclosing and authorizing site-specific implementation of these activities across the entire IVM Program area. *See* F&R at 12–13, ECF No. 53 (describing non-commercial components such as small-diameter thinning and prescribed burning).

(2) The Court should REMAND the matter back to the BLM and ORDER it to prepare an environmental impact statement on the vacated portions described in subsection 1 above. The matter should remain remanded until BLM demonstrates to this Court that it has adequately complied with the law.

(3) KS Wild Plaintiffs and ASA Plaintiffs are prevailing parties and should be AWARDED reasonable costs, expenses, and disbursements, including reasonable attorney fees associated with this litigation pursuant to the Equal Access to Justice Act.

(4) All other requested relief should be DENIED.

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due no later than fourteen (14) days after the date this recommendation is filed. If objections

Page 3 — AMENDED FINDINGS AND RECOMMENDATION

are filed, any response is due within fourteen (14) days after the date the objections are filed. *See* Fed. R. Civ. P. 72, 6. Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment or appealable order.

DATED this ___/___ day of ___July___, 2026.

_____
MARK D. CLARKE
United States Magistrate Judge

Page 4 — AMENDED FINDINGS AND RECOMMENDATION